HEANEY, Circuit Judge,
concurring.
I concur in the result, but write separately to clarify the warden’s responsibilities and to note that the wardens may have acted outside the scope of their authority.
First, I note that Ware had a right not to have further punishment imposed upon him by the wardens after the Disciplinary Hearing Officer (DHO) issued sanctions against him for smuggling contraband[2] into the prison camp. See 28 C.F.R. § 541.19 (2001) (stating that a warden may not “increase any valid sanction imposed.”). The regulations make clear that the Unit Discipline Committee (UDC) or the DHO, not the warden, has the authority to impose sanctions for violations of prison rules. See generally 28 C.F.R. §§ 541.13-.19. The warden may ask the DHO or UDC for a rehearing after the issuance of a decision, but the warden may not increase the sanctions imposed upon the prisoner. See 28 C.F.R. § 541.19. Although a warden may suspend visitation privileges for security reasons, he or she may not do so as an additional form of punishment. Compare 28 C.F.R. § 540.40 with 28 C.F.R. § 541.19.
*389 The question becomes, then, whether Ware states a claim that the wardens violated his Fifth Amendment rights by suspending his visitation privileges for punitive reasons. Citing Sandin, the majority advances that because a limitation on visitation privileges does not impose an atypical and significant hardship on Ware, he does not assert a violation of a liberty interest protected by the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (noting that although prison regulations were violated, a prisoner in a maximum security prison who was put in solitary confinement for thirty days did not assert a due process violation because the confinement was not an atypical or significant hardship under the circumstances).
I reluctantly agree with the majority’s reasoning. Ware alleges a violation of prison procedures, but after Sandin, it appears he has no remedy. Therefore, I concur that Ware’s Fifth Amendment claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

. The contraband consisted of all the elements of a "surf and turf" dinner: "five freshly cut steaks, one four-pound box of frozen shrimp, four one-pound packages of linguine, one 375 ml bottle of Cuervo Tequila, one 375 ml bottle of Hennessy Cognac, and one 375 ml bottle of Azile Passion Fruit Cognac.” Ware v. Morrison, No: 2:99CV00210JFF, slip op. at 1 n. 1 (E.D.Ark.2000) (Proposed Findings and Recommendation).